FILED

**UNITED STATES DISTRICT COURT**
2019 MAR 26  PM 2:03
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| Robert Kahn, | |
|     Plaintiff, | Case No. 6-19-mc-17-Orl 41DCI |
| v. | |
| Grand Slam Enterprises, LLC, and Wahlburgers Franchising LLC, | |
|     Defendants and Third-Party Plaintiffs, | Subpoena issued by the Northern District of Georgia (Atlanta Division) in Case No. 1:17-cv-05033-AT |
| v. | |
| Gregory M. Pranzo and A List Group Inc., | |
|     Third-Party Defendants. | |

## Robert Kahn's Rule 45(f) Motion to Transfer his Motion to Compel Compliance with Subpoena *Duces Tecum* Against Gregory M. Pranzo and his Motion to Compel Gregory M. Pranzo to Produce Documents Withheld under Claim of Privilege and Incorporated Memorandum of Law

As authorized by Federal Rule of Civil Procedure 45(f), Robert Kahn

hereby moves this Court to transfer both his Motion to Compel Compliance

with Subpoena *Duces Tecum* Against Gregory M. Pranzo and his Motion to

Compel Gregory M. Pranzo to Produce Documents Withheld under Claim of

— 1 —

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 2 of 45

Privilege to the court that issued the subpoena at issue, the United States District Court for the Northern District of Georgia.

Motions to compel a nonparty to comply with a subpoena are required to be filed in the district where compliance with the subpoena is required to take place.[1] That would be this Court, as Pranzo was served with Kahn's subpoena *duces tecum* in this district.[2] But Rule 45(f) provides that "when the court where compliance is required did not issue the subpoena, it may transfer a motion under [Rule 45] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." "Rule 45(f) does not explain what qualifies as an exceptional circumstance,"[3] but the Advisory Committee's notes on the 2013 amendments to Rule 45 state that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation."[4]

Pranzo was a nonparty to this case in July 2018 when he was served with Kahn's subpoena *duces tecum*. But since then, the defendants in this

---

[1] FED. R. CIV. P. 45(d)(2)(B).

[2] *Kahn v. Grand Slam Enters., LLC*, ECF No. 69-1, No. 1:17-cv-05033-AT (N.D. Ga. Aug. 27, 2018) (subpoena *duces tecum*) (attached as Exhibit A); *Kahn v. Grand Slam Enters., LLC*, ECF No. 70, No. 1:17-cv-05033-AT (N.D. Ga. Aug. 27, 2018) (affidavit of service) (attached as Exhibit B).

[3] *Dispatch Printing Co. v. Zuckerman*, No. 16-cv-80037-BLOOM/ Valle, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016).

[4] FED. R. CIV. P. 45(f) advisory committee's notes to 2013 amendment.

case added Pranzo as a third-party defendant, and he was served with a summons and the defendants' third-party complaint, making him a party to this case before the Northern District of Georgia, the court that issued the subpoena that is the subject of Kahn's motions to compel.[5] The reason why motions to compel a nonparty to comply with a subpoena must be filed in the district where compliance with the subpoena is required to take place is to protect local nonparties from undue burdens by providing for the local resolution of disputes about subpoenas.[6] But because Pranzo is now a party to this case, the reason that Rule 45 required Kahn's motion to be decided by this Court has been obviated. As a party to the case in the Northern District of Georgia, Pranzo no longer has an interest in obtaining the local resolution of Kahn's motions.

Now that Pranzo is a third-party defendant in this case, he is subject to the discovery process as a party to the case, which is being managed by the

---

[5] *Kahn v. Grand Slam Enters., LLC*, ECF No. 73, No. 1:17-cv-05033-AT (N.D. Ga. Aug. 27, 2018) (order granting defendants leave to file third-party complaint against Gregory M. Pranzo) (attached as Exhibit C); *Kahn v. Grand Slam Enters., LLC*, ECF No. 74, No. 1:17-cv-05033-AT (N.D. Ga. Aug. 28, 2018) (third-party complaint against Pranzo) (attached as Exhibit D); *Kahn v. Grand Slam Enters., LLC*, ECF No. 83, No. 1:17-cv-05033-AT (N.D. Ga. Nov. 26, 2018) (order extending deadline for defendants to serve Pranzo with third-party complaint) (attached as Exhibit E); *Kahn v. Grand Slam Enters., LLC*, ECF No. 89, No. 1:17-cv-05033-AT (N.D. Ga. Dec. 13, 2018) (proof of service of third-party complaint on Pranzo) (attached as Exhibit F).

[6] FED. R. CIV. P. 45(f) advisory committee's notes to 2013 amendment.

— 3 —

United States District Court for the Northern District of Georgia, and transferring Kahn's motions to the Northern District of Georgia will avoid disrupting that court's management of the case.

Where a nonparty to a case is served with a subpoena *duces tecum*, fails and refuses to comply with the subpoena, and in the interim becomes a party to the case before the court that issued the subpoena, exceptional circumstances exist that warrant this Court transferring Rule 45 subpoena-compliance motions to the court that issued the subpoena.

Pranzo is now a party in this case before the Northern District of Georgia. This Court should transfer Kahn's Motion to Compel Compliance with Subpoena *Duces Tecum* Against Gregory M. Pranzo and Kahn's Motion to Compel Gregory M. Pranzo to Produce Documents Withheld under Claim of Privilege to the Northern District of Georgia.

### Certificate of Good-Faith Conference

Before filing this motion, the undersigned counsel certifies that Kahn's Georgia counsel, Marc B. Hershovitz, conferred with Pranzo's counsel in a good-faith effort to resolve the issues raised by this motion, and counsel for Kahn and Pranzo were unable to agree on the resolution of this motion.

[The rest of this page is intentionally left blank.]

— 4 —

Respectfully submitted this 26th day of March 2019.

_____

Rachel D. Gebaide
Florida Bar No. 0157600
LOWNDES, DROSDICK, DOSTER, KANTOR &
REED, P.A.
215 North Eola Drive
Orlando, Florida 32801
407-418-6258
407-843-4444 (fax)
rachel.gebaide@lowndes-law.com
janie.kearse@lowndes-law.com
litcontrol@lowndes-law.com

Marc B. Hershovitz
Georgia Bar No. 349510
MARC B. HERSHOVITZ, P.C.
One Alliance Center
4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
404-262-1425
404-262-1474 (fax)
marc@hershovitz.com

Attorneys for Robert Kahn

## Certificate of Service

I hereby certify that on March 26, 2019, I served by first-class mail (certified with return receipt requested) and email a true and correct copy of this document on the following:

Chris Hill, Esq.
Rachel O'Brien, Esq.
Hill, Rugh, Keller & Main, P.L.
390 N Orange Avenue
Suite 1610
Orlando, Florida 32801
chris@hrkmlaw.com
rachel@hrkmlaw.com

Jonathan H. Fain, Esq.
PebLaw, PC
66 Lenox Pointe, N.E.
Atlanta, Georgia 30324
law@peblawpc.com

Alan E. McKenna, Esq.
Stevenson McKenna & Callanan LLP
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
amckenna@smcattorneys.com

_____
Rachel D. Gebaide
Florida Bar No. 157600

# Exhibit A

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 8 of 45
Case 6:19-mc-00017-CEM-DCI   Document 3-1   Filed 03/26/19   Page 2 of 11 PageID 279
Case 1:17-cv-05033-AT   Document 69-1   Filed 07/19/18   Page 1 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | |
|---|---|
| Robert Kahn | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:17-cv-05033-AT |
| Grand Slam Enterprises, LLC, and Wahlburgers Franchising LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Gregory M. Pranzo

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the documents, material, electronically stored information, and objects in the attached Exhibit A, which is incorporated herein by reference. In lieu of appearance, all records produced can be delivered via overnight mail to Marc B. Hershovitz, P.C., at 3500 Lenox Road, 4th Floor, Atlanta, Georgia 30326.

| Place: Lowndes, Drosdick, Doster, Kanter & Reed, P.A. Attention: Rachel Gebaide 215 N. Eola Drive, Orlando, FL 32801 | Date and Time: 08/16/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/19/2018

     *CLERK OF COURT*

                                 OR    *Marc B Hershovitz*

     *Signature of Clerk or Deputy Clerk*                             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Robert Kahn
                                                  , who issues or requests this subpoena, are:

Marc B. Hershovitz, 3500 Lenox Road, 4th Floor, Atlanta, Georgia 30326, (404) 262-1425, marc@hershovitz.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 9 of 45
Case 6:19-mc-00017-CEM-DCI   Document 3-1   Filed 03/26/19   Page 32 of 169 PageID 280
Case 1:17-cv-05033-AT   Document 69-1   Filed 07/19/18   Page 2 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:17-cv-05033-AT

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 10 of 45
Case 6:19-mc-00017-CEM-DCI   Document 3-1   Filed 03/26/19   Page 4 of 11   PageID 281
Case 1:17-cv-05033-AT   Document 89-1   Filed 07/19/18   Page 3 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 6:19-mc-06017-CJS-JWF Document 3-1 Filed 03/26/19 Page 11 of 11 PageID 282
Case 1:17-cv-05033-AT Document 107-3 Filed 03/27/19 Page 11 of 45
Case 1:17-cv-05033-AT Document 69-1 Filed 07/19/18 Page 4 of 16

# Exhibit A

1. All documents and electronic records or databases in your possession or under your control that show what fax numbers, persons, businesses, or entities were sent one or more fax transmissions with content identical or substantially similar to the attached Exhibit 1.

2. All documents and electronic records or databases in your possession or under your control that show what fax numbers, persons, businesses, or entities were sent the fax transmissions for which ProFAX, Inc., or any related entity sent you the invoice attached as Exhibit 2.

3. All documents and electronic records or databases in your possession or under your control that show what fax numbers, persons, businesses, or entities were sent the fax transmissions for which ProFAX, Inc., or any related entity sent you the invoice attached as Exhibit 3.

4. All contracts, work orders or instructions, invoices, and communications (which includes but is not limited to emails) in your possession or under your control related to the fax transmission attached as Exhibit 1.

5. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control related to the fax transmissions for which ProFAX, Inc., sent you the invoice attached as Exhibit 2.

6. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control related to the fax transmissions for which ProFAX, Inc. sent you the invoice attached as Exhibit 3.

7. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Grand Slam Enterprises, LLC, d/b/a WAHLBURGERS or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 12 of 45
Case 6:19-mc-00017-CEM-DCI   Document 3-2   Filed 03/26/19   Page 8 of 16 PageID 283
Case 1:17-cv-05033-AT   Document 69-1   Filed 07/19/18   Page 5 of 16

8. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Wahlburgers Franchising LLC or any agent acting on its behalf regarding fax lists (lists of fax numbers) or fax advertising.

9. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Finer Food Services LLC or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

10. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Stadium Burgers LLC or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

11. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Georgia Burger Company LLC or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

12. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Georgia Burgers LLC or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

13. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Thomas ("Tom") Throm.

14. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Dwane Salter.

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 13 of 45
Case 6:19-mc-00017-CEM-DCI   Document 3-1   Filed 03/26/19   Page 7 of 11   PageID 284
Case 1:17-cv-05033-AT   Document 69-1   Filed 07/19/18   Page 6 of 16

15. All communications (meaning emails, texts, handwritten notes, etc.) in
    your possession or under your control between you and John
    Koumandarakis.

16. All communications (meaning emails, texts, handwritten notes, etc.) in
    your possession or under your control between you and anyone acting on
    behalf of Closest to the Peach, LLC.

17. All communications (meaning emails, texts, handwritten notes, etc.) in
    your possession or under your control between you and Mark Wahlberg.

18. All communications (meaning emails, texts, handwritten notes, etc.) in
    your possession or under your control between you and anyone acting on
    behalf of Mark Wahlberg.

19. All communications (meaning emails, texts, handwritten notes, etc.) in
    your possession or under your control between you and Jonathan H.
    Fain.

20. All contracts and any drafts of contracts in your possession or under your
    control between you, Stadium Burgers LLC, or any other person or entity
    and Thomas ("Tom") Throm.

21. All contracts and any drafts of contracts in your possession or under your
    control between you, Stadium Burgers LLC, or any other person or entity
    and Dwane Salter.

22. All contracts and any drafts of contracts in your possession or under your
    control between you, Stadium Burgers LLC, or any other person or entity
    and John Koumandarakis.

23. All contracts and any drafts of contracts in your possession or under your
    control between you, Stadium Burgers LLC, or any other person or entity
    and Closest to the Peach, LLC.

24. All contracts and any drafts of contracts in your possession or under your
    control between you, Stadium Burgers LLC, or any other person or entity
    and Grand Slam Enterprises, LLC.

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 14 of 45
Case 6:19-mc-00017-CEM-DCI   Document 3-3   Filed 03/26/19   Page 8 of 11   PageID 285
Case 1:17-cv-05033-AT   Document 69-1   Filed 07/19/18   Page 7 of 16

25. All contracts and any drafts of contracts in your possession or under your control between you, Stadium Burgers LLC, or any other person or entity and Wahlburgers Franchising LLC.

26. All contracts in your possession or under your control between you, Finer Food Services LLC, Stadium Burgers LLC, or any other person or entity and Joseph Colbert Jr.

27. All contracts in your possession or under your control related in any way to the property located at 5345 Bells Ferry Road, Acworth, Georgia 30102, or the property located at 5333 Bells Ferry Road, Acworth, Georgia 30102.

28. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control related in any way to the property located at 5345 Bells Ferry Road, Acworth, Georgia 30102, or the property located at 5333 Bells Ferry Road, Acworth, Georgia 30102.

29. All communications (meaning emails, texts, handwritten notes, etc.) that you sent or received at any time related to the fax transmission attached as Exhibit 1.

30. All communications (meaning emails, texts, handwritten notes, etc.) that you sent or received at any time related to the fax transmissions for which ProFAX, Inc., sent you the invoice attached as Exhibit 2.

31. All communications (meaning emails, texts, handwritten notes, etc.) that you sent or received at any time related to the fax transmissions for which ProFAX, Inc., sent you the invoice attached as Exhibit 3.

32. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone associated with ProFAX, Inc., after November 1, 2016.

33. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone whose email address includes the domain name profax.com or profax.co after November 1, 2016.

34. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone associated with Grand Slam Enterprises, LLC, d/b/a WAHLBURGERS after November 1, 2016.

Case 1:17-cv-05033-AT Document 107-3 Filed 03/27/19 Page 15 of 45
Case 6:19-mc-00014-CEM-DCI Document 3-17 Filed 03/26/19 Page 9 of 11 PageID 286
Case 1:17-cv-05033-AT Document 69-1 Filed 07/19/18 Page 8 of 10

35. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone associated with Wahlburgers Franchising LLC after January 1, 2014, regarding lists of fax numbers or fax advertising.

36. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received to anyone associated with BDC/Fuqua Retail, LLC after January 1, 2017.

37. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received to anyone associated with SunTrust Bank after January 1, 2017.

38. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received to anyone at any time regarding or related to personal guarantees of commercial notes dated December 1, 2016, or thereafter.

39. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received to anyone at any time regarding or related to the property or the lease for the located at 455 Legends Place, S.E. Suite 874, Atlanta, Georgia 30339.

40. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone associated with Finer Food Services LLC after November 1, 2016 regarding lists of fax numbers or fax advertising.

41. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone after November 1, 2016 regarding Grand Slam Enterprises, LLC, d/b/a WAHLBURGERS or the WAHLBURGERS restaurant located at 455 Legends Place, S.E. Suite 874, Atlanta, Georgia 30339.

42. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from Katelyn M. Barnes after November 1, 2016 regarding lists of fax numbers or fax advertising.

43. All IRS forms 1099, W-2, or Schedule K-1 that you received from any source for tax years 2016 to the present.

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 16 of 45
Case 6:19-mc-00017-CEM-DCI   Document 11   Filed 05/20/19   Page 18 of 11   PageID 287
Case 1:17-cv-05033-AT   Document 69-1   Filed 07/19/18   Page 9 of 16

44. A List Group Inc.'s corporate record book with all documents maintained therein, including but not limited to minutes of annual and special meetings of the board of directors and minutes of annual and special meetings of shareholders.

45. Finer Food Services LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

46. Stadium Burgers LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

47. Georgia Burgers LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

48. Georgia Burger Company LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

49. MB Hospitality LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

50. Charlotte Burgers LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

51. Raleigh Burgers LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

52. If any of the above-specified electronic records, databases, documents, or communications have been deleted from your computers, cell phones, other media so that they cannot be accessed and produced by you—or if you have had any hard drive crash or any other media unavailability for any computer or other media on which any of the above-specified electronic records, databases, documents, or communications have been stored so that the requested material cannot be accessed and produced by you—provide the computer, cell phone, or other media on which the above electronic records, databases, documents, or communications have been stored so that a computer-forensics expert employed by plaintiff can make a complete forensic image copy of the media without any further degradation of the media.

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 18 of 45
Case 6:19-mc-00017-CEM-DCI   Document 33-1   Filed 03/29/19   Page 12 of 24 PageID 289
Case 1:17-cv-05033-AT   Document 69-1   Filed 07/19/18   Page 11 of 16

# Exhibit 1

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 19 of 45
Case 6:19-mc-00017-CEM-DCI   Document 3-2   Filed 03/28/19   Page 2 of 2 PageID 290
8-Dec-2017   02:48   Case 1:17-cv-05033-AT   Document 69-1   Filed 07/19/18   Page 12 of 16   p.1



**WAHLBURGERS ATLANTA**

CALL YA MUTHA,

# WE'RE OPEN

## LOCATED AT THE BATTERY AT SUNTRUST PARK

## SUN-THURS 11AM-10PM | FRI & SAT 11AM-11PM OPEN FOR LUNCH AND DINNER

**455 LEGENDS PLACE SE SUITE 874 ATLANTA, GA 30339 | (678) 402-1195**

To opt out from future faxes go to www.removemyfaxnumber.com and enter PIN# 17015, or fax to 800-321-4433. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.

# Exhibit 2

Case 1:17-cv-05033-AT    Document 107-3    Filed 03/27/19    Page 21 of 45
Case 6:18-mc-00017-CEM-DCI    Document 3-3    Filed 03/26/19    Page 2 of 2 PageID 292
Case 1:17-cv-05033-AT    Document 69-1    Filed 07/19/18    Page 14 of 16



**PROFAX, Inc.**
20 Max Avenue
Hicksville, NY 11801

# INVOICE

**DATE:** December 8, 2017
**INVOICE #** PF201715208
**P.O. #**
**Terms:** Credit Card

**Bill To:**
A List Group Inc
Attn: Gregory Pranzo
46 Garnet Lane
Plainview , NY  11803

| | |
|---|---|
| **BcastID:** | 15208 |
| **Account:** | 17015 |
| **Released:** | 12/07/2017 |
| **Closed:** | 12/08/2017 |
| **Destinations:** | 122403 |
| **Sent:** | 65047 |
| **Failed:** | 57356 |

| DESCRIPTION | QUANTITY | RATE | AMOUNT |
|---|---|---|---|
| Charges for job: Wahlburgers | | | |
| DELIVERY CHARGES | | | |
| within contiguous US | 65049 | 0.019 /pg | $1,235.93 |
| non-contiguous US and International | 1 | 0.16 /pg | $0.16 |
| | | | |
| Net Total | | | $1,236.09 |
| + Federal & State gross receipts surcharge | | | $153.71 |
| + Tax | | | $0.00 |
| | | **TOTAL** | $1,389.80 |

Make all checks payable to PROFAX, INC.

**THANK YOU FOR YOUR BUSINESS!**

TAVA/CR

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 22 of 45
Case 6:19-mc-00017-CEM-DCI   Document 3-4   Filed 03/26/19   Page 1 of 2 PageID 293
Case 1:17-cv-05033-AT   Document 69-1   Filed 07/19/18   Page 15 of 16

# Exhibit 3



**PROFAX, Inc.**
20 Max Avenue
Hicksville, NY 11801

# INVOICE

| | |
|---|---|
| **DATE:** | December 6, 2016 |
| **INVOICE #** | PF201613538 |
| **P.O. #** | |
| **Terms:** | Credit Card |

**Bill To:**

A List Group Inc
Attn: Gregory Pranzo
46 Garnet Lane
Plainview , NY 11803

| | |
|---|---|
| **BcastID:** | 13538 |
| **Account:** | 17015 |
| **Released:** | 12/06/2016 |
| **Closed:** | 12/06/2016 |
| **Destinations:** | 6254 |
| **Sent:** | 3861 |
| **Failed:** | 2393 |

| DESCRIPTION | QUANTITY | RATE | AMOUNT |
|---|---|---|---|
| Charges for job: Wahlburgers | | | |
| DELIVERY CHARGES | | | |
| within contiguous US | 3860 | min applied | $75.00 |
| non-contiguous US and International | 1 | 0.16 /pg | $0.00 |
| | | | |
| Net Total | | | $75.00 |
| + Federal & State gross receipts surcharge | | | $9.00 |
| + Tax | | | $0.00 |
| | | **TOTAL** | $84.00 |

Make all checks payable to PROFAX, INC.

**THANK YOU FOR YOUR BUSINESS!**

TAVA/CR

# Exhibit B

## AFFIDAVIT OF SERVICE

### UNITED STATES DISTRICT COURT
Northern District of Georgia

Case Number: 1:17-CV-5033-AT

Plaintiff:
**Robert Kahn**

vs.

Defendant:
**Glam Slam Enterprises, LLC, and Wahlburgers Franchising LLC**

|||||||||||||||||||||||||||||||||
BMP2018005483

For:
Marc B. Hershovitz
One Alliance Center
3500 Lenox Road
4th Floor
Atlanta, GA 30326

Received by PROCESS XPRESS on the 20th day of July, 2018 at 9:22 am to be served on **Gregory M. Pranzo, Cincos Tacos & Tequila, 140 N. Orlando Avenue, Winter Park, FL 32789.**

I, Brock Jansen, being duly sworn, depose and say that on the 20th day of July, 2018 at 7:05 pm, I:

**INDIVIDUAL/PERSONAL:** Served by delivering a true copy of the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action with Exhibits** with the date and hour of service endorsed by me, to: **Gregory M. Pranzo** at the address of: **Cincos Tacos & Tequila, 140 N. Orlando Avenue, Winter Park, FL 32789** and informed said person of the contents therein, in compliance with State Statutes.

**Description of Person Served:** Age: 35+, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 240, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server or Certified Process Server, in good standing, in the judicial circuit in which the process was served.

STATE OF FLORIDA
COUNTY OF ORANGE

Subscribed and Sworn to before me on the 23rd day of July, 2018 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

REGINA MOORE
MY COMMISSION # GG 075410
EXPIRES: February 21, 2021
Bonded Thru Budget Notary Services

**Brock Jansen**
CPS #494, CPS #360

**PROCESS XPRESS**
P.O. Box 532053
Orlando, FL 32853-2053
(407) 327-9572

Our Job Serial Number: BMP-2018005483

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | |
|---|---|
| Robert Kahn<br>*Plaintiff*<br>v.<br>Grand Slam Enterprises, LLC, and Wahlburgers<br>Franchising LLC<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  1:17-cv-05033-AT

DATE_____ TIME_____
SERVED BY_____
ID#_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                Gregory M. Pranzo

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the documents, material, electronically stored information, and objects in the attached Exhibit A, which is incorporated herein by reference. In lieu of appearance, all records produced can be delivered via overnight mail to Marc B. Hershovitz, P.C., at 3500 Lenox Road, 4th Floor, Atlanta, Georgia 30326.

| Place: Lowndes, Drosdick, Doster, Kanter & Reed, P.A.<br>Attention: Rachel Gebaide<br>215 N. Eola Drive, Orlando, FL 32801 | Date and Time:<br><br>08/16/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/19/2018

CLERK OF COURT

_____          OR     _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Robert Kahn
_____, who issues or requests this subpoena, are:

Marc B. Hershovitz, 3500 Lenox Road, 4th Floor, Atlanta, Georgia 30326, (404) 262-1425, marc@hershovitz.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT KAHN,                      :
                                  :
        Plaintiff,                :
                                  :
    v.                            :
                                  :
GRAND SLAM ENTERPRISES, LLC       :       CIVIL ACTION NO.
and WAHLBURGERS                   :       1:17-CV-5033-AT
FRANCHISING, LLC,                 :
                                  :
        Defendants.               :

### ORDER

This matter having come before the Court on Defendant Grand Slam
Enterprises, LLC's and Wahlburgers Franchising, LLC's unopposed Motion for
Leave to File a Third-Party Complaint against Gregory Pranzo, individually and A
List Group, Inc., and good cause having been shown,

**IT IS ORDERED AND ADJUDGED** that Defendants' Motion is granted.
Defendants are directed to file their Third-Party Complaint with the Court within
five (5) days from the date of this Order.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Robert Kahn,

        Plaintiff,

v.

Grand Slam Enterprises, LLC, and
Wahlburgers Franchising LLC,

        Defendant.

———————————————

Grand Slam Enterprises, LLC, and
Wahlburgers Franchising LLC,

        Third-Party Plaintiffs,

Gregory Pranzo, individually, and
A List Group, Inc.,

        Third Party Defendants.

———————————————

Case No.: 1:17-cv-05033-AT

**GRAND SLAM ENTERPRISES, LLC'S AND WAHLBURGERS**

**FRANCHISING LLC THIRD-PARTY COMPLAINT AGAINST GREGORY**

**PRANZO AND A LIST GROUP, INC.**

NOW COMES Defendant Grand Slam Enterprises, LLC, ("GSE") and
Wahlburgers Franchising, LLC ("WF") (GSE and WF at times collectively
referred to as the "3rd Party Pla.") and for its Third-Party Complaint against

Gregory Pranzo ("Pranzo") and A List Group, Inc., ("A List") (Pranzo and A-List at times collectively referred to as the "3rd Party Def.") alleges as follows:

## PARTIES

1.    Plaintiff Robert Kahn is an individual resident of the State of Georgia and resides at 1557 Wesley Parkway, N.W., Atlanta, Georgia 30327.

2.    GSE is a Georgia limited liability company with a registered office at 8565 Spyglass Drive, Duluth, Georgia 30097, and a principal place of business at The Battery at SunTrust Park at 455 Legends Place, S.E., Suite 874, Atlanta, Georgia 30339.  GSE is a franchisee of WF.

3.    WF is a Massachusetts limited liability company with a registered office at 350 Lincoln Street, Suite 2400, Hingham, MA 02043.  WF is the franchisor of GSE.

4.    Pranzo is, upon information and belief, an individual resident of the State of New York, with an address, upon information and belief, of either: i) 46 Garnet Lane, Plainview, New York 11803; or ii) 120 Bethpage Road, Hicksville, New York 11801.  Service of process upon Pranzo may be made by delivering a second original of the summons and this Third-Party Complaint to one or both of the addresses set forth above.

5.     A List is a New York for profit corporation, dissolved subsequent to the events complained of in the Complaint (Doc. 1) and in this Third-Party Complaint. A List has an office located at either: i) 46 Garnet Lane, Plainview, New York 11803; or ii) 120 Bethpage Road, Hicksville, New York 11801. Service of process upon A List may be made by delivering a second original of the summons and this Third-Party Complaint to the Secretary of State of New York.   (*A dissolved corporation "may sue or be sued \*\*\* in its corporate name, and process may be served by or upon it" (Business Corporation Law § 1006[a] [4]; see Gutman v. Club Mediterranee Int., 218 A.D.2d 640, 630 N.Y.S.2d 343). It is well settled that personal jurisdiction over a dissolved corporation "may be obtained through service upon the Secretary of State" (Camacho v. New York City Tr. Auth., 115 A.D.2d 691, 693, 496 N.Y.S.2d 516; see Speroni v. Mid-Island Hosp., 222 A.D.2d 497, 498, 635 N.Y.S.2d 255)).*

## JURISDICTION & VENUE

6.     The Court has subject matter jurisdiction over GSE's and WF's third-party claims for common law indemnification and/or statutory apportionment (O.C.G.A. § 51-12-33) pursuant to 28 U.S.C. § 1332 because both GSE and WF are diverse in citizenship from both Pranzo and A List and more than $75,000, exclusive of interest and costs, is in controversy because Plaintiff Kahn and the proposed class,

seek in excess of $75,000, exclusive of interest and costs, from GSE and WF. This Court also has supplemental jurisdiction over GSE's and WF's third-party claims pursuant to 28 U.S.C. § 1367(a) because the claims are based on the same nucleus of operative facts as Plaintiff Kahn's claims.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and Pranzo and A List are subject to personal jurisdiction in this district under the Georgia Long Arm Statute (O.C.G.A. § 9-10-91) as:

    a. Pranzo and A List have committed tortious acts within this district and the State of Georgia to wit: to wit: sending or causing to be sent 128,657 unsolicited facsimiles to 128,657 facsimile numbers within this district and the State of Georgia in violation of the *Telephone Consumer Protection Act* 47 U.S.C. § 227 (the "TCPA");

    b. Pranzo and A List have transacted business in this State by conducting long-distance commercial activity to wit: sending or causing to be sent 128,657 unsolicited facsimiles to 128,657 facsimile numbers within this district and the State of Georgia in violation of the TCPA (see *Innovative Clinical & Consulting Svcs. v. First Nat. Bank etc.*, 279 Ga. 672, 620 S.E.2d 352 (2005));

c. Pranzo has transacted business in this State by establishing limited
liability companies (E.G. Finer Food Services, LLC, Georgia Burger,
LLC) and operating the same within this district and the State of
Georgia;

d. Pranzo has transacted business in this State by owning, constructing,
contracting for and operating pre-opening, an "Everything Bagel" fast
food restaurant located at 2380 Peachtree Industrial Blvd., Buford,
Georgia 30518;

e. Pranzo's and A List's acts meet the constitutional standard for
minimum contacts, and such act where not taken in Georgia through
any unilateral actions of GSE and/or WF.

## FACTUAL ALLEGATIONS

8. In or about the two weeks preceding December 1, 2017, Pranzo became
aware of a transfer of membership interests between certain members of GSE (the
"Transaction".

9. On or about November 21, 2017, Pranzo approached the members of GSE
and offered to take an assignment of the Transaction so that Pranzo would acquire
a forty point two five percent (40.25%) majority interest in GSE.

10.    By December 1, 2018, it was agreed between certain members of GSE that an assignment would be given to Pranzo, pending approval of all members of GSE, WF and certain creditors of GSE.

11.    Unknown to GSE, WF and the members of GSE, at the time, on or about December 7, 2017, Pranzo and his corporation A List, jointly had prepared and created an unauthorized, unapproved facsimile advertisement (the "Fax" and/or "Faxes") purporting to promote the GSE operated and WF franchised restaurant located at The Battery at SunTrust Park at 455 Legends Place, S.E., Suite 874, Atlanta, Georgia 30339 (the "Restaurant").

12.    The Fax or Faxes as stated were created solely by Pranzo and his corporation A List, by misappropriating certain intellectual property of WF from publicly available sources (E.G. social media and the internet) and at no time were the Faxes disclosed or known to either GSE or WF.

13.    Pranzo and/or A List had, prior to causing the Faxes to be sent, obtained and paid for a distribution list of 128,657 facsimile numbers from unknown parties.

14.    Pranzo and/or A List had, prior to causing the Faxes to be sent, retained and paid for the services of *ProFAX* Fax Broadcasting to send the Faxes to the 128,657 facsimile numbers Pranzo and/or A List had obtained.

15.   On December 7, 2017, Pranzo and his corporation A List caused the Faxes to be sent to 128,657 facsimile numbers within this district and the State of Georgia.

16.   Thereafter on December 8, 2017, Plaintiff Kahn, being an alleged recipient of one of the Faxes, filed this lawsuit against GSE and WF, seeking class certification for an alleged violation of the TCPA.

17.   The independent, unauthorized and ultra vires acts of Pranzo and A List are the sole reason for the 3rd Party Pla., potential liability in this lawsuit.

18.   Upon information and belief, Pranzo and A List prepared, created, and caused the Faxes to be sent solely for the purpose of greed, in that since Pranzo at the time was poised to become the majority member of GSE by virtue of the assignment of the Transaction, Pranzo stood to personally gain financially from any increase in sales the Restaurant could realize from Pranzo's and A List's surreptitious efforts at a unsolicited facsimile marketing campaign.

19.   Shortly after the discovery by GSE and WF of the Faxes, through the Complaint (Doc. 1), GSE terminated the assignment of the Transaction to Pranzo and delivered to Pranzo a demand for written indemnification, which Pranzo despite his prior representations has refused to execute.

20.     Throughout all of the above actions taken by Pranzo and A List with respect to the Faxes, GSE and WF had no knowledge of such actions, no knowledge of the content of the Faxes, no knowledge of the preparation of the Faxes, no knowledge of any "distribution list", no knowledge of *ProFAX* Fax Broadcasting or any relationship between Pranzo, A List and the same, and no knowledge of the transmission of the Faxes as 3rd Party Pla., only became aware of such upon receipt of the Complaint (Doc. 1).

21.     Subsequent to December 7, 2017, GSE and WF took no acts which could be considered a ratification of Pranzo's and A List's independent and wrongful actions, and to the contrary have sought to punish the same to the extent GSE and WF are currently able, including the termination of the assignment of the Transaction and the filing of this Third Party Complaint.

## COUNT 1 – COMMON LAW INDEMNIFICATION

22.     To the extent that Plaintiff Kahn and the proposed class seek to hold GSE and WF liable under the TCPA, GSE and WF seek common law indemnification from both Pranzo and A List as any liability of GSE and WF arises solely from the independent, unauthorized and ultra vires acts of Pranzo and A List, and such liability would necessarily be premised upon a theory of vicarious liability/imputed negligence or in light of *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 981 F. Supp.

2d 1239, 1247 (S.D. Fla. 2013) *rev'd and remanded on other grounds*, 771 F.3d 1274 (11th Cir. 2014), such liability would be premised upon a "on whose behalf" standard lying somewhere in the middle of a blanket application of *per se* liability but somewhat more stringent than vicarious liability through common law agency.

23.    Further, to the extent that Plaintiff Kahn and the proposed class seek to hold GSE and WF liable under the TCPA, GSE and WF seek common law indemnification from both Pranzo and A List in that if WF and GSE are compelled to pay damages because of negligence imputed to them as the result of the tort(s) committed Pranzo and A List, GSE and WF are entitled to maintain an action for indemnity against Pranzo and A List whose wrongs have been imputed to GSE and WF.

## COUNT 2 – PRESERVATION OF STATUTORY APPORTIONMENT

### (O.C.G.A. § 51-12-33)

24.    Pursuant to Georgia law, and to preserve the rights of GSE and WF to apportionment, in assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

25.     The negligence or fault of a nonparty shall be considered if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault.

26.     GSE and WF hereby provides notice not later than 120 days prior to the date of trial that current non-parties Pranzo and A List are wholly at fault for any damages or injuries sustained by Plaintiff Kahn and/or the proposed class set forth in the Complaint (Doc. 1) for the reasons stated herein above, and as such one hundred percent of fault should be apportioned to Pranzo and A List jointly and severally.

27.     This pleading filed by GSE and WF has met all prerequisites under O.C.G.A. § 51-12-33 as it designates non-parties Pranzo and A List, setting forth the names and last known addresses, and herein above describes with particularity the basis for the belief of GSE and WF as to why Pranzo and A List are at fault.

WHEREFORE, 3rd Party Pla., demands judgment in its favor and against Pranzo and A List for damages incurred as a result of Plaintiff Kahn's lawsuit, including the amount of any judgment entered in favor of Plaintiff Kahn and the proposed class against GSE and WF, as well as GSE's and WF's own attorneys' fees and costs, and such further relief as this Court deems just and proper.

Respectfully submitted this Tuesday, August 28, 2018.

SUBMITTED BY:

*Counsel for Defendant Grand Slam Enterprises, LLC*
*Counsel for Defendant Wahlburgers Franchising LLC*

/s/ Jonathan H. Fain
Jonathan H. Fain, Esq.
Georgia Bar No. 254114
law@peblawpc.com
PEBLAW, PC
66 Lenox Pointe, NE
Atlanta, GA 30324
Telephone: (404) 484-0270
Facsimile: (866) 615-0525

*Counsel for Defendant Wahlburgers Franchising LLC*

/s/ Alan E. McKenna
Alan E. McKenna, Esquire*
*ADMITTED PRO HAC VICE*
Stevenson McKenna & Callanan LLP
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(p) 781-740-1115
(f) 617-330-5011
amckenna@smcattorneys.com

Case 1:17-cv-05033-AT   Document 107-3   Filed 03/27/19   Page 41 of 45

# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Robert Kahn,

      Plaintiff,

v.

Grand Slam Enterprises, LLC, and
Wahlburgers Franchising LLC,

      Defendant.

Case No.: 1:17-cv-05033-AT

## ORDER

For cause shown, and this Court having considered Defendant Grand Slam Enterprises, LLC's and Defendant Wahlburgers Franchising, LLC's Unopposed Motion of for an Enlargement of Time to Serve 3rd Party Defendants [Doc. 82] and this Court having considered the arguments of counsel and the all matters of record, said motion is GRANTED.

IT IS HEREBY ordered that Defendant Grand Slam Enterprises, LLC and Defendant Wahlburgers Franchising, LLC shall have ninety (90) days from the date of this Order to serve the 3rd Party Defendants Gregory Pranzo and A List Group, Inc., with a copy of the summons and 3rd Party Complaint, and to file proof of service thereon with this Court.

SO ORDERED this 26th day of November, 2018.

_____

AMY TOTENBERG
U.S. DISTRICT JUDGE

# Exhibit F

AO 441 (Rev. 07/10) Summons on Third-Party Complaint (Page 2)

Civil Action No. 1:17-cv-05033-AT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Gregory Pranzo

was received by me on *(date)*          11/29/2018

☑ I personally served the summons on the individual at *(place)*   personal in-hand delivery to Gregory Pranzo at

320 S Wilmington St, Raleigh, NC 27601              on *(date)*     12/04/2018     ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

☐ I returned the summons unexecuted because                                ; or

☐ Other *(specify):*

My fees are $             for travel and $             for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date:  *12-12-18*

*Server's signature*

Ann Lee, Process Server
*Printed name and title*

6747 Chauncey Dr, Raleigh, NC 27615
*Server's address*

Additional information regarding attempted service, etc: